# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRISTOPHER GRAVES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 15-1235-JWL** |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

# MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the final decision of the Commissioner.

## I.      Background

Plaintiff applied for DIB, alleging disability beginning December 12, 2008. (R. 13, 142). At the hearing before the ALJ, Plaintiff amended his disability onset date to October 27, 2010 (R. 13, 30), and after exhausting proceedings before the Commissioner, now seeks judicial review of the final decision denying benefits. Plaintiff argues that the

ALJ erred by failing to include Plaintiff's need for a cane in the residual functional capacity (RFC) assessed. The court does not agree.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the

economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds no error in the ALJ's decision.

## II. Discussion

Plaintiff notes that the ALJ did not include the need for a cane in the RFC assessed for Plaintiff. He notes that the ALJ acknowledged that Plaintiff's medical records indicate that he ambulated with a cane and a noticeable limp, and that the ALJ accorded substantial weight to the opinion reflected in the report of a functional capacity evaluation of Plaintiff performed by a licensed physical therapist. (Pl. Br. 7-8). And, he argues that the ALJ erred because he did not address those "results of the functional capacity evaluation [which noted] that [Mr.] Graves used a single point can and displayed decreased strength in the lower extremities," and did not "address the prescription for a cane provided by [Plaintiff's] treating nurse practitioner." Id. at 8. He argues that the ALJ concluded Plaintiff did not need a cane merely because a June 2013 examination did not reveal radicular symptoms, but that Plaintiff used a cane for other reasons--to relieve chronic pain aggravated by weight-bearing. Id. at 9. He argues that the reasons given to reject Plaintiff's need for a cane "are not sufficient, especially in light of the remainder of the record supporting the need for a cane." Id.

He argues that the medical records support the need for a cane, and that it was error for the ALJ to fail to discuss that medical evidence. (Pl. Br. 9-10) (citing R. 315, 321, 322, 326, 329, 378, 380-81, 399; and Clifton v. Chater, 79 F.3d 1007, 1010 (10th

Cir. 1996) (an ALJ is required to "discuss the uncontroverrted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects")).  Next, he argues that the functional capacity evaluation report to which the ALJ accorded substantial weight supports the need for a cane, and that in failing to address "the use of a cane documented in this [functional capacity] evaluation" the ALJ violated the narrative discussion requirement and the requirement to resolve material inconsistencies or ambiguities contained in Social Security Ruling (SSR) 96-8p.  Id. at 10 (citing R. 400-01; and Henderson v. Astrue, No. 11-2645-JWL, 2013 WL 141610, *4 (D. Kan. Jan. 11, 2013)).  Finally, Plaintiff argues that his nurse practitioner, Ms. Zander, prescribed a cane in July 2012, that the ALJ never discussed that fact, and that when the ALJ determined that a cane was not necessary he was improperly substituting his lay opinion for that of a medical professional.  Id. at 11 (citing Lax, 489 F.3d at 1089).  Plaintiff argues that although Ms. Zander prescribed him a cane four months after his date last insured, such evidence "may still be relevant to [Plaintiff's] condition before the date last insured."  Id., at 12 (citing Baca v. Dep't of Health & Human Servs. 5 F.3d 476, 479 (10th Cir. 1993)).

      The Commissioner argues that there is no evidence that Plaintiff required the use of a cane before Plaintiff's date last insured, and for that reason Plaintiff's claim of error should be rejected.  (Comm'r Br. 4).  The Commissioner points to record evidence supporting her argument.  Id. at 4-6.  She argues that Ms. Zander's prescription of a cane four months after Plaintiff's date last insured is irrelevant to the question of disability before the date last insured, and the report of the functional capacity evaluation relied

upon by the plaintiff does not suggest that Plaintiff required the use of a cane but merely contains the physical therapist's observation that Plaintiff brought a cane to the evaluation.  Id. at 6.  The Commissioner concludes by asserting that substantial record evidence supports the ALJ's decision.

In his Reply Brief, Plaintiff again argues that evidence after the date last insured can be relevant to the question of the claimant's condition before the date last insured, and that even the ALJ accorded significant weight to the functional capacity evaluation performed five months after his date last insured.  (Reply 2-3).  Plaintiff also argues that portions of the Commissioner's arguments are merely post hoc rationalization of the ALJ's decision.  Id. at 4.

Judicial review must begin with a proper understanding of the Commissioner's final decision–here the ALJ's decision.  Several salient points necessarily inform the court's review of the final decision in this case.  This case involves only an application for disability insurance benefits and not an application for supplemental security income benefits.  (R. 13, 142-48).  Plaintiff made a prior application for disability benefits which was denied in October, 2010 and was not further pursued.  (R. 30, 156-57).  That decision was not reopened, and therefore constitutes administrative res judicata as to the question of disability before October 2010, and Plaintiff does not argue otherwise.  Recognizing these matters, the ALJ specifically noted that his decision only concerned whether Plaintiff was disabled between October 27, 2010, the amended alleged onset date, and March 31, 2012, Plaintiff's date last insured.  (R. 13, 15, 16, 17, 20-21, 23, 24, 25).

The ALJ considered the credibility of Plaintiff's allegations of disabling symptoms, particularly pain, and found them "not entirely credible."  (R. 18).  Subsequently in the decision he specifically explained his credibility determination, and the court perceives twelve specific reasons given by the ALJ to discount the credibility of Plaintiff's allegations.  (R. 19-21).  Plaintiff does not argue that the ALJ erred in his credibility determination.  One of the reasons relied upon by the ALJ to discount the credibility of Plaintiff's allegations of symptoms was inconsistencies regarding Plaintiff's use of a cane and his refusal of certain physical therapy:

> Although the claimant's records indicate that he ambulates with a cane and a noticeable limp, a physical examination conducted as recently as June 17, 2013 demonstrated normal and symmetric reflexes, a negative straight leg raising sign, and no muscle spasm.  The claimant was offered a referral to physical therapy, but declined (Exhibit 14F/32-33 [(R. 390-91)]).  This again suggests that the symptoms may not have been as limiting as the claimant has alleged in connection with this application.

(R.20).

The ALJ explained his consideration of the report of the functional capacity evaluation which was contained in the record:

> Following a functional capacity evaluation conducted in August 2012, Brenda Hendrick, LPT opined that the claimant retained the ability for light exertional work (Exhibit 14F/43 [(R. 401)]).  Although this report is not from an acceptable medical source, it must be considered per Social Security Ruling 06-03p to show the severity of the individual's impairment(s) and how it affects the individual's ability to function.  Ms. Hendrick is a specialist in functional capacity assessments and she examined the claimant, administered diagnostic testing and provided detailed treatment notes about clinical signs to support their recommendations.  While finding Ms. Hendrick to be a health care provider who is not an acceptable medical source, the undersigned also found her

>assessment of the claimant to be consistent with other evidence that depicts activities, limitations, and restrictions consistent with the residual functional capacity established herein. The assessment completed by Ms. Hendrick is given substantial weight since it is generally consistent with the evidence of record and suggests that the claimant's impairment does not preclude performance of work under the above residual functional capacity.

(R.22).

The ALJ assessed Plaintiff with the RFC for a range of sedentary work, further limited by the need to walk less than one-third of the time and to alternate between sitting and standing at fifteen to twenty minute intervals. (R. 17). He determined that Plaintiff can occasionally bend, stoop, kneel, crouch, crawl, and climb ramps and stairs; but that Plaintiff must avoid climbing ladders, ramps, and scaffolds, and concentrated exposure to dangerous machinery or exposed heights. Id. at 17-18. He determined that Plaintiff is able to perform routine work that is not fast-paced and does not have high productivity pressure. Id. at 18. Viewing the final decision in this context, the court finds no error.

As the Commissioner argues, most of the evidence upon which Plaintiff relies to suggest error in the decision at issue comes from after Plaintiff's date last insured, but Plaintiff must prove that he was disabled before his date last insured in order to secure disability insurance benefits. If Plaintiff became disabled after his date last insured, and believes he qualifies, he must apply for supplemental security income benefits. That question was simply not an issue in the decision under review here.

Nevertheless, Plaintiff's argument fails at an even more basic level. The ALJ did not find that Plaintiff does not need to use a cane. Instead, he found that Plaintiff is able

only to perform work that requires walking less than one-third of the time, is able to stand for no more than twenty minutes at a time, and is able to stand and/or walk a total of only two hours in a workday.  (R. 17).  There is no indication in the record that Plaintiff is unable to perform these activities while using a cane.  And, the vocational expert testified that the two representative jobs relied upon in the ALJ's decision "are performed at a table or a bench," and can be performed either sitting or standing and the worker may alternate.  (R. 56).  That fact suggests that Plaintiff can lean against the table or bench while performing the job when standing.

    Plaintiff's argument that he does not use a cane because of radicular symptoms but because of pain from weight-bearing supports rather than detracts from the ALJ's assessment, because the ALJ accommodated that pain by limiting Plaintiff to walking less than one-third of the time, standing for no more than twenty minutes at a time, and to standing and/or walking together for only two hours maximum in a workday  In fact, as Plaintiff argues, the ALJ acknowledged that the "records indicate that [Plaintiff] ambulates with a cane" (R. 20), and he assessed significant walking and standing limitations, in part, because of that fact.  Plaintiff does not point to, and the court is not aware of any authority for the proposition that the mere fact an individual uses a cane precludes the performance of any work.  In fact, the Listing of Impairments requires that an individual is presumed to be disable if he uses an "assistive device(s) that limits the functioning of <u>both</u> upper extremities."  20 C.F.R., Pt. 404, Subpt. P, App. 1

9

§ 1.00B(2)(b)(1) (emphasis added).  Thereby, the regulations suggest that the use of a single cane, without more, does not require a finding of disability.

Most of Plaintiff's arguments are based upon his mistaken understanding that the ALJ determined he did not need a cane.  Consequently, those arguments fail because they are based upon a false premise.  For example, his argument from Clifton, 79 F.3d at 1010, that an ALJ must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects," fails because the ALJ accepted and relied upon the evidence demonstrating that Plaintiff uses a cane.  In similar fashion, the ALJ did not substitute his lay opinion for that of a medical professional because he did not reject Plaintiff's nurse practitioner's prescription for a cane.[1]

Plaintiff asserts that the ALJ concluded Plaintiff did not need a cane because the ALJ noted essentially normal findings on a medical examination in June 2013.  (Pl. Brief 9).  However, as quoted above, in the portion of the ALJ's decision relied upon by Plaintiff, the ALJ contrasted Plaintiff's use of a cane and noticeable limp with relatively normal examination findings and Plaintiff's refusal of an offer of physical therapy, and relied upon that inconsistency as one factor among twelve to discount the credibility of Plaintiff's allegation of symptoms.  (R. 20) (citing Ex. 14F/32-33 (R. 390-91)).  As the ALJ stated, that medical record reveals Plaintiff reported to nurse practitioner Zander that

---

[1]The court recognizes that the prescription was given after Plaintiff's date last insured, and does not hereby imply that the ALJ did, or must, consider that prescription as it relates to the period before that date.

he had pain in his left hip and thigh, that his thigh felt numb and tingly like it was about to fall asleep and that his left hip was somewhat more painful than usual.  (R. 390).  Ms. Zander recorded the results of her physical examination which were essentially normal with minor irregularities including pain on weight-bearing, a noticeable limp, and using a cane.  Id. at 390-91.  Ms Zander opined that the cause was most likely a pinched nerve, advised weight loss and non-weight-bearing activities, and offered a referral to physical therapy, but as the ALJ noted, Plaintiff refused the referral.  (R. 391).  Based upon this record, the ALJ concluded:  "This again suggests that the symptoms may not have been as limiting as the claimant has alleged in connection with this application."  (R. 20).  The ALJ's discussion occurred in the middle of his three-page analysis of Plaintiff's credibility, and in the portion of his decision captioned "Credibility."  (R. 19-21).  Without question, this discussion was part of the ALJ's explanation why he found Plaintiff's allegations "not entirely credible."  (R. 18).  It does not constitute a finding that Plaintiff does not need a cane.  Rather, it constitutes an acknowledgment that Plaintiff ambulates with a cane.

Plaintiff's main complaint seems to be that the ALJ did not include an affirmative statement in his RFC assessment that "Plaintiff must use a cane to ambulate."  However, he does not cite any authority requiring such a statement, and more importantly, he does not point to record evidence demonstrating that the limitations included within the RFC assessed are insufficient to accommodate Plaintiff's use of a cane.  Plaintiff has shown no error in the decision below.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the final decision of the Commissioner.

Dated this 3rd day of May 2016, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**